# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

**CHARLOTTE A. LANE,**  ]
                        ]
   Plaintiff,   ]
                        ]
   vs.          ]   CV 11-J-3207-NE
                        ]
**MICHAEL J. ASTRUE,**   ]
**Commissioner of the Social**  ]
**Security Administration**, ]
                        ]
   Defendant.

## MEMORANDUM OPINION

This matter is before the court on the record and briefs of the parties. The court has jurisdiction pursuant to 42 U.S.C. § 405. The plaintiff is seeking reversal and remand of the final decision of the Commissioner. All administrative remedies have been exhausted.

The plaintiff filed her current applications for Disability Insurance Benefits and Supplemental Security Income on September 10, 2008, asserting an inability to work due to problems with chronic lumbar radiculopathy, chronic cervical radiculopathy, high blood pressure, chronic arthritis, and severe headaches (R. 130-135, 193). At the time of the hearing, the plaintiff was 41 years old and was a high school graduate (R. 48). The Administrative Law Judge (ALJ) found that the plaintiff suffered from the severe impairments of history of cervical radiculopathy, lumbar radiculopathy, morbid obesity, fibromyalgia and headaches, but that none of these impairments, alone or in combination met any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 37-38). The ALJ further found the plaintiff's claims of hypertension and headaches to be non-severe impairments (R. 37)

The plaintiff asserts that the ALJ erred by failing to properly apply the Eleventh Circuit's three part pain standard (plaintiff memorandum, at 8), and by failing to pose a proper question to the vocational expert (plaintiff memorandum at 10).  The plaintiff specifically asserts that the ALJ erred by not including each of the limitations found by Prudential in its letter of April 14, 2009, approving plaintiff's claim for long term benefits under a group disability policy (plaintiff memorandum at 11, R. 30).

Although the letter of April 14, 2009, predates the hearing before the ALJ, the same was not provided to the defendant until after the ALJ issued her decision.  The Appeals Council, in its September 3, 2010, denial of review, erroneously mistook this letter to be a copy of one dated March 9, 2009, and already in the record as Exhibit 5D (R. 21-22, 163). However, upon request of the plaintiff, the Appeals Council set this decision aside to allow submission of further information.  On July 7, 2011, having received further information which it considered, the Appeals Council again denied the request for review (R. 1-3).

Even assuming that the ALJ had the opportunity to review the April 14, 2009, letter from Prudential, the court cannot conclude that it would change the result, and thus the same is not "new and material."  See *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir.2007) (quotations omitted)(stating the AC "must consider new, material, and chronologically relevant evidence and must review the case if the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record."). Because of the different rules governing long term disability determinations under ERISA and disability determinations under Social Security regulations, a finding of entitlement to benefits in one is not conclusive on the other.  *See e.g.*,*Black & Decker Disability Plan v. Nord,* 538 U.S. 822, 833, 123 S.Ct. 1965, 1971

(2003)(In determining entitlement to Social Security benefits, the adjudicator measures the claimant's condition against a uniform set of federal criteria. "[T]he validity of a claim to benefits under an ERISA plan," on the other hand, "is likely to turn," in large part, "on the interpretation of terms in the plan at issue."); *Paramore v. Delta Air Lines, Inc*., 129 F.3d 1446, 1452 n. 5 (11th Cir.1997) (noting that although a court may consider the Social Security Administration's decision regarding disability, that decision is not dispositive of an ERISA disability determination).

The evidence presented in this case establishes that one of the plaintiff's consultative physicians, on September 9, 2008, opined that the plaintiff could perform a limited range of sedentary work (R. 288-290). Less than one year later, in June 2009, another consultative physician noted that the plaintiff's pain levels had "improved tremendously" (R. 307). He noted the plaintiff's complaints of headaches, but his records also reflect that, beginning in January 2009, the plaintiff reported them as "improved considerably" (R. 311).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S. Ct. 1420, 28 L. Ed. 843 (1971); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The Court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, this limited scope does not render affirmance automatic,

> for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

*Lamb*, 847 F.2d at 701. Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir. 1984).

Having considered the medical evidence of record, the arguments of the parties and the relevant law, the court does not find any reversible error based on the decision of the ALJ. Although not specifically set forth in the format laid out by plaintiff, the ALJ clearly considered the plaintiff's complaints of pain in finding that the plaintiff had the very limitations found by Dr. Keith Anderson, to whom she was referred by her treating physician (R. 39, 288-290). In fact, the ALJ gave "significant weight" to the opinions of Dr. Anderson and Dr. Harris, plaintiff's treating neurologist. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-1241 (11th Cir.2003). Having considered the arguments of the plaintiff and the opinion of the ALJ, the court finds that the ALJ's decision is supported by substantial evidence and that the proper legal standards were applied in reaching that decision. Accordingly, the decision of the Commissioner must be affirmed.

Done, this 21st day of March, 2012.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE